FILED

2010 NOV -2 PM 2:57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. CF CALIF.
LOS ANGELES

BY:_____

1 FARHAD NOVIAN (SBN 118129)
JOSEPH A. LOPEZ (SBN 268511)
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222
Farhad@NovianLaw.com
Joseph@NovianLaw.com

Attorney for Plaintiff,
KAY CELINE, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| KAY CELINE, INC., a California corporation, | Case No.: **CV10 8298-DSF (RZx)** |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **Trademark Infringement Under §32(1) of the Lanham Act;** |
| PAK INTERNATIONAL, INC., a California corporation; and DOES 1 through 10, inclusive, | 2. **Unfair Competition, False Designation of Origin, Passing Off and False Advertising Under Lanham Act §43(a);** |
| Defendants. | 3. **Copyright infringement;** |
| | 4. **Vicarious and/or Contributory Copyright Infringement;** |
| | 5. **Unfair Competition in Violation of Bus. & Prof. Code § 17200, et seq; and** |
| | 6. **Common Law Unfair Competition** |
| | <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff, KAY CELINE, INC., by and through their undersigned counsel, complaining of the defendants PAK INTERNATIONAL, INC. and DOES 1

-1-

Complaint

through 10, inclusive (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff creates and obtains rights to unique two-dimensional and three-dimensional non-functional artworks for use on textiles, which textiles are transacted primarily in and through the apparel industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. One such design has become a distinctive and accrued secondary meaning such that consumers associate it with Plaintiff as the source of goods bearing the mark. Defendants have knowingly and intentionally used this mark in the production of unauthorized goods which infringe Plaintiff's trademark rights and copyrights, which unauthorized use has caused actual consumer confusion as the origin or affiliation of Defendants' goods with those of Plaintiff.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over Plaintiff's federal trademark claims arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a). The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. under 28 U.S.C. § 1331(m), 1338 (a) and (b). The Court also has ancillary subject matter jurisdiction over Plaintiff's state law claims under principles of pendent jurisdiction and pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) as: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

## THE PARTIES

5. Plaintiff KAY CELINE, INC. ("Plaintiff"), is, and at all times relevant was, a California corporation formed and existing under the laws of the State of California, with its principal place of business in the County of Los Angeles, State of California.

6. Upon information and belief, defendant PAK INTERNATIONAL, INC. ("Pak International"), is, and at all times relevant was, a California corporation with its principal place of business in Los Angeles, California, and is doing business within the jurisdiction of this Court.

7. Defendants, DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein. Accordingly, Plaintiff sues

1  said defendants by said fictitious names. At such time as said defendants' true
2  names and capacities become known to Plaintiff, Plaintiff will seek leave to amend
3  this Complaint to insert said true names and capacities of such individuals and/or
4  entities.

## CLAIMS RELATING TO PLAINTIFF'S COPYRIGHT

7   8. Prior to the conduct complained of herein, Plaintiff composed the visual
8  art depicted in the photograph attached at Exhibit "A" ("the Design") for purposes
9  of textile reproduction.

11   9. Plaintiff owns the copyright registration for the Design
12  bearing Registration No. VA0001663084.

14   10. Prior to the acts complained of herein, Plaintiff sold and distributed
15  products bearing the Design in commerce.

17   11. Following this sale and distribution of product bearing the Design,
18  Plaintiff's investigation revealed that Defendants had misappropriated the Design,
19  and were selling fabric and garments bearing illegal reproductions and derivations
20  of the Design.

22   12. Specifically, Plaintiff learned that Defendants are, without Plaintiff's
23  authorization, unlawfully reproducing, importing, distributing and selling
24  garments, in this judicial district, featuring a design, which is identical, or
25  substantially similar to the Design, and identified on Pak International's purchase
26  order slip as SHK-0905 (the "Infringing Garments").

28   13. Upon information and belief, defendants infringing use of the Design

is not limited to the garment described above and other garments Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold may infringe Plaintiff's copyright in the Design.

## CLAIMS RELATING TO PLAINTIFF'S TRADEMARK

14. Since at least as early as 2007, Plaintiff has continuously used its non-functional beaded design mark, as illustrated in Exhibit "A" hereto, in commerce in connection with clothing ("Kay Celine Mark"). The Kay Celine Mark is distinctive and is nationally recognized, including, within the Central District of California, as being affixed to goods and associated with merchandise of the highest quality and coming from a single source – Plaintiff. Plaintiff has developed and maintained substantial secondary meaning in the Kay Celine Mark, having received frequent, unsolicited and favorable media coverage worldwide.

15. As a result, the Kay Celine Mark has accrued significant secondary meaning, and consumers have developed a strong association between it and Plaintiff's quality garments. The strength of the Kay Celine Mark is one of Plaintiff's most valuable corporate assets.

16. Upon information and belief, in or around 2009 or earlier, and after Kay Celine Mark obtained secondary meaning and became famous throughout the United States, Defendants began to sell, advertise, offer for sale, distribute, manufacture and promote their Infringing Garments in connection with use of the Kay Celine mark.

17. Upon information and belief, Defendants' Infringing Garments are of substantially inferior quality to Plaintiff's, such that Plaintiff's Kay Celine Mark will likely suffer negative associations through Defendants' unauthorized use.

18. Upon information and belief, Defendants' Infringing Garments bear a mark which is substantially indistinguishable from the Kay Celine Mark. Such use has and will confuse consumers into thinking that Defendants' Infringing Garments are emanating from or are associated with Plaintiff's products produced and distributed by Plaintiff under the Kay Celine Mark, and has in fact caused actual confusion among consumers and professional buyers in the fashion industry.

## DEFENDANTS' INFRINGING CONDUCT

19. In or around September 2009, a representative of Plaintiff identified the Infringing Garments at the annual MAGIC fashion show in Las Vegas, Nevada. Upon this discovery, the representative filled out a purchase order form for the Infringing Garments and submitted it to Pak International.

20. Upon further inquiry, a representative of Pak International informed the representative of Plaintiff that the Infringing Garments were performing well and making a high volume of sales.

21. Plaintiff's purchase order form for the Infringing Garments to Pak International ultimately went unfulfilled. Upon information and belief, Pak International refused to fulfill the purchase order because it realized that Plaintiff had become aware of its infringing activity.

22. Plaintiff, through its counsel, addressed several cease and desist letters to Pak International, informing them of the Infringing Garments. Plaintiff further demanded that Pak International provide Plaintiff with sales figures for the Infringing Garments.

23. To date, Pak International has refused to provide Plaintiff with the requested sales information for the Infringing Garments. However, Pak International did, by way of its counsel, provide Plaintiff with a picture of one of the Infringing Garments. Upon information and belief, the picture of one of the Infringing Garments provided by Pak International to Plaintiff contains a design that is substantially and confusingly similar to Plaintiff's Design.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement Under § 32(1) Of The Lanham Act

Against All Defendants)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 23, inclusive, of this Complaint, as if fully set forth herein at length.

25. Plaintiff is the owner of the Kay Celine Mark, which has been continuously used in commerce and which has developed and maintained substantial secondary meaning.

26. Defendants have used, and intend to continue to use, the Kay Celine Mark to capitalize on Plaintiff's goodwill associated therewith in order to attract customers.

27. Defendants' use of Plaintiff's Kay Celine Mark is willful and deliberate and with an intent to reap the benefit of Plaintiff's goodwill.

28. Defendants' use of the Kay Celine Mark, or a colorable imitation thereof, in connection with their clothing is likely to cause confusion among the

public about whether Plaintiff has authorized or endorsed the Defendants' products, and about whether Plaintiff is affiliated with the Defendants' products.

29. Defendants' unauthorized continued use of the Kay Celine Mark in connection with clothing unconnected to that of Plaintiff and without the authorization of Plaintiff infringes Plaintiff's exclusive rights in its trademark in violation of § 32(1) of the Lanham Act, 15 U. S.C. § 1114(1), in that the public is likely to be confused, deceived or mistaken regarding the source or sponsorship of Defendants' services, or to erroneously believe that Defendants' services emanate from or are authorized by Plaintiff, or to believe that Plaintiff is the creator of, or have otherwise affiliated with the Defendants' clothing.

30. Defendants' acts of trademark infringement have caused and are causing great and irreparable injury to Plaintiff and to the Kay Celine Mark and to the business and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

31. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants permanently restraining further acts of trademark infringement and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of trademark infringement, together with all other remedies available under the Lanham Act, including, but not limited to, treble damages, disgorgement of profits, and costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(False Designation Origin, Passing off and False Advertising Under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) Against All Defendants)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 23, inclusive, of this Complaint, as if fully set forth herein at length.

33. Defendants' unauthorized use of the Kay Celine Mark on inferior quality merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's respective goods and are of the same quality as that assured by the Kay Celine Mark.

34. By engaging in the activities described above, Defendants have made, and are making, false, deceptive and misleading statements constituting false designation of origin, passing off, false advertising and unfair competition in violation of Section 43(a) on the Lanham Act, 15 U.S.C. §1125(a).

35. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

36. Upon information and belief, Defendants' acts of unfair competition, false designation of origin, passing off and false advertising are willful, deliberate and fraudulent, and are intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the Kay Celine Mark.

37. Defendants' acts of unfair competition, false designation of origin, passing off and false advertising have caused irreparable injury to Plaintiff's goodwill and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

38. In light of the foregoing, Plaintiff is entitled to injunctive relief against Defendants permanently restraining further acts of unfair competition, false designation of origin, passing off and false advertising, and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of unfair competition, false designations of origin, passing off and false advertising, together with all other remedies available under the Lanham Act, including, but not limited to, treble damages, disgorgement of profits, and costs and attorney's fees.

## THIRD CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 23, inclusive, of this Complaint, as if fully set forth herein at length.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiffs copyrights by creating, making and/or developing directly infringing and/or derivative works from the Designs and by producing, distributing and/or selling Infringing Garments.

41. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

42. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount, to be established at trial.

43. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design in an amount to be established at trial.

44. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

45. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### FOURTH CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement Against All Defendants)

46. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 23, inclusive.

47. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Garments featuring the Design as alleged hereinabove.

48. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

49. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

50. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Design, in an amount to be established at trial.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have imported, manufactured, cause to be manufactured and/or sold Infringing Garments.

52. Upon information and belief, Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Design. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## FIFTH CLAIM FOR RELIEF

**[Unfair Competition in Violation of Bus. & Prof. Code § 17200, et seq.**

**Against All Defendants]**

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 23, inclusive, of this Complaint, as if fully set forth herein at length.

54. The actions of Defendants complained of herein constitute unfair competition within the meaning of Cal. Bus. & Prof. Code, § 17200, *et seq.*

55. Defendants' actions constitute willful and knowing trademark and copyright infringement, and have caused and will likely to continue to cause confusion, mistake, and deception among consumers.

56. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate

remedy at law.

57. Pursuant to Cal. Bus. & Prof. Code, § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition.

58. Plaintiff is further entitled to the disgorgement of any and all of Defendants' profits associated with this unfair competition.

## SIXTH CLAIM FOR RELIEF
**(Common Law Unfair Competition Against All Defendants)**

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 23, inclusive, of this Complaint, as if fully set forth herein at length.

60. The actions of Defendants complained of herein constitute unfair competition under the common law of the State of California.

61. Defendants' actions constitute willful and knowing trademark and copyright infringement, and have caused and will likely to continue to cause confusion, mistake, and deception among consumers.

62. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

63. As a consequence of Defendants' unfair competition, Plaintiff is entitled to damages and preliminary and permanent injunctive relief ordering

-14- Complaint

Defendants to cease this unfair competition.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against Defendants, jointly and severally:

Against All Defendants, With Respect to Each Claim for Relief:

a. That Defendants, their agents and servants be enjoined from selling product, or otherwise, infringing Plaintiff's trademark and copyright;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

d. Directing that Defendants account for all gains, profits, and advantages derived from their acts of trademark infringement;

e. Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any goods or services provided by or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff, its products or their services;

    f.    Awarding Plaintiff: (i) All of the Defendants' profits, gains and advantages derived from the unauthorized use of the Kay Celine Mark or any imitation or simulation thereof, and that such sums be trebled; (ii) All damages sustained by Plaintiff by reason of Defendants' acts of trademark infringement, dilution and unfair competition, and that such damages be trebled; (iii) Exemplary and punitive damages as the court finds appropriate to deter any future willful conduct, and (iv) Interest, including prejudgment interest, on the foregoing sums;

    g.    Awarding to Plaintiff its attorneys fees and costs incurred by reason of Defendants' violations;

    h.    Directing such other relief as the Court may deem appropriate to prevent the Defendants from participating in this or other trademark infringements; and

    i.    Such other relief as the Court may deem appropriate.

Dated November 2, 2010

**NOVIAN & NOVIAN, LLP**
Attorneys at Law

By _/s/ Farhad Novian_
FARHAD NOVIAN
JOSEPH A. LOPEZ
Attorneys for Plaintiff
KAY CELINE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

```
CV10- 8298 DSF (RZx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| KAY CELINE, INC., a California corporation | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | **CV10 8298-DSF(RZx)** |
| PAK INTERNATIONAL, INC., a California corporation; and DOES 1 through 10, inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): <u>PAK INTERNATIONAL, INC.</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Novian & Novian, LLP</u>, whose address is <u>1801 Century Park East, Suite 1201, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>- 2 NOV 2010</u>       By: _____
                                          Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                   SUMMONS                   CCD-1A

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**PLAINTIFFS** (Check box if you are representing yourself ☐)
Y CELINE, INC., a California corporation

**DEFENDANTS**
PAK INTERNATIONAL, INC., a California corporation; and DOES 1 through 10, inclusive,

**Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
\RHAD NOVIAN (SBN 118129)
)SEPH A. LOPEZ (SBN 268511)
)VIAN & NOVIAN, LLP
01 Century Park East, Suite 1201
)s Angeles, CA 90067
0-553-1222

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**\SS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
emark Infringement Under Section 32(1) of the Lanham Act; Unfair Competition, False Desingation of Origin, Passing Off and False Advertising Under Lanham Act on 43(a); Copyright infringement; Vicarious and/or Contributory Copyright Infringement; Unfair Competition in Violation of Bus. & Prof. Code Section 17200, et seq; Common Law Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10  8298

R OFFICE USE ONLY:   Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

-71 (05/08)                                              CIVIL COVER SHEET                                              Page 1 of 2
                                                                                                                       CCD-JS44

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

, list case number(s): _____

b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

, list case number(s): _____

cases are deemed related if a previously filed case and the present case:

k all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**VENUE:** (When completing the following information, use an additional sheet if necessary.)

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| ounty in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| os Angeles | |

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| ounty in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| os Angeles | |

List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| ounty in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| os Angeles | |

*s Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
: In land condemnation cases, use the location of the tract of land involved

SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date November 2, 2010
Joseph A. Lopez

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |